BOARD OF MEDICAL EXAMINERS — SUSPENSION AND REVOCATION OF LICENSES OF PHYSICIANS FOR INCOMPETENCE OR NEGLIGENCE The Board of Medical Examiners, pursuant to 59 O.S. 509 [59-509] (1975), can suspend or revoke the license of any physician or surgeon for incompetence or negligence. The Attorney General has considered your request for an opinion wherein you, in effect, ask the following question: Can the Board of Medical Examiners pursuant to 59 O.S. 509 [59-509] (1975) suspend or revoke the license of any physician or surgeon for incompetence or negligence? Title 59 O.S. 503 [59-503] (1971), states in part: "The State Board of Medical Examiners may suspend or revoke the license or certificate of any physician or surgeon holding license or certificate to practice in the State of Oklahoma for unprofessional conduct, but no such suspension or revocation shall be made until such licentiate be cited to appear for hearing . . . ." Unprofessional conduct is defined in 59 O.S. 509 [59-509] (1975) which states: "The words 'unprofessional conduct' as used in 59 O.S. 481 [59-481] through 59 O.S. 514 [59-514] of this title are hereby declared to include, but shall not be limited to, the following acts: "1. Procuring, aiding or abetting a criminal operation. "2. Advertising to the public in any manner; provided, however, that a person, firm, association or corporation may place an announcement in a newspaper regarding the opening of an office, change of an address or membership in a firm, association, or corporation, the closing of an office, permanent or temporary, for whatever reason, and the specialty or specialties of person or persons, firm, association or corporation. "3. The obtaining of any fee or offering to accept any fee, present or other form of remuneration whatsoever, on the assurance or promise that a manifestly incurable disease can or will be cured. "4. Wilfully betraying a professional secret to the detriment of the patient. "5. Habitual intemperance with the habitual use of habit forming drugs. "6. Conviction of a felony or of any offense involving moral turpitude. "7. All advertising of medical business in which statements are made which are grossly untrue or improbable and calculated to mislead the public. "8. Conviction or confession of a crime involving the violation of the antinarcotic or prohibition laws and regulations of the federal government or the Board of Health laws and regulations of the State of Oklahoma. "9. Dishonorable or immoral conduct which is likely to deceive or defraud the public. "10. The commission of any act which is a violation of the criminal laws of Oklahoma when such act is connected with the physician's practice of medicine. A complaint, indictment or confession of a criminal violation shall not be necessary for the enforcement of this provision. Proof of the commission of the act while in the practice of medicine or under the guise of the practice of medicine shall be unprofessional conduct. "11. Failure to keep complete and accurate records of purchase and disposal of controlled drugs or of narcotic drugs. "12. The writing of false or fictitious prescriptions for any drugs or narcotics declared by the laws of Oklahoma to be controlled or narcotic drugs. "13. Prescribe or administer a drug or treatment without sufficient examination and the establishment of a valid physician-patient relationship. "14. The violation or attempted violation direct or indirect, of any of the provisions of this act, either as a principal, accessory or accomplice. "15. Aiding or abetting, directly or indirectly, the practice of medicine by any person not duly authorized under the laws of Oklahoma. "16. The inability to practice medicine with reasonable skill and safety to patients by reason of age, illness, drunkenness, excessive use of drugs, narcotics, chemicals, or any other type of material or as a result of any mental or physical condition. In enforcing this subsection the Board may, upon probable cause, request a physician to submit a mental or physical examination by physicians designated by it. If the physician refuses to submit to the examination, the Board shall issue an order requiring the physician to show cause why he will not submit to the examination and shall schedule a hearing on the order within thirty (30) days after notice is served on the physician. The physician shall be notified by either personal service or by certified mail with return receipt requested. At the hearing, the physician and his attorney are entitled to present any testimony and other evidence to show why the physician should not be required to submit to the examination. After a complete hearing, the Board shall issue an order either requiring the physician to submit to the examination or withdrawing the request for examination. The medical license of a physician order to submit for examination may be suspended until the results of such examination are received and reviewed by the Board. (Emphasis added) A plain reading of 59 O.S. 503 [59-503] and 59 O.S. 509 [59-509] reveals that the Board of Medical Examiners can suspend or revoke a license of a physician or surgeon for unprofessional conduct as defined in 59 O.S. 509 [59-509]. Section 509 as amended provides that the definition of "unprofessional conduct" is not confined to the acts specifically enumerated. It is apparent that the Board, subject to the general provisions within Chapter 11 of Title 59 regarding notice, process, hearings, rulings and record of proceedings, could prescribe "unprofessional conduct" to include incompetence and/or negligence as grounds for suspension and revocation. The general rules regarding the suspension or revocation of a medical license is set out in 70 C.J.S. Physicians and Surgeons, 17 which states: "Acts or conduct declared by the Legislature to constitute grounds for revocation or suspension of a medical, dental, or similar license must be designated with sufficient certainty and definiteness and be such as to affect the health, morals, or safety of the community; boards may not be authorized to determine the grounds for revocation." Subparagraph (b) of Section 17 provides in part: "The most common statutory grounds for revocation or suspension are unprofessional, dishonorable or immoral conduct, gross immorality, and malpractice. Statutes frequently enumerate various acts which constitute unprofessional or dishonorable conduct so as to warrant revocation or suspension. ". . . "The subject matter of statutes prescribing such grounds is within the police power, and except in a few instances, the statutes are held not to be void for uncertainty or indefiniteness; the Legislature is not required to define with particularity the acts which constitute unprofessional conduct. The Board, under such a provision, has power in the first instance to decide what acts constitute unprofessional conduct, subject to judicial interference only in case of abuse of such power, but the Board is not required to prescribe by regulation what those acts shall be; and, where the statute specifically enumerates the grounds for which a license may be revoked, the Board has been held powerless to define the term 'unprofessional conduct' to conform to its own opinion of what the term should comprehend. Generally speaking, apart from, or in the absence of, statutory definitions, what constitutes unprofessional conduct or gross immorality must be determined by those standards which are commonly accepted by those practicing the same profession in the same territory." (Emphasis added) The Kansas Supreme Court in Kansas State Board of Healing Arts v. Foote, 436 P.2d 828
(1968), upheld the licensing board's order of revocation even though incompetency was not listed as a statutory ground nor was it among the 15 acts enumerated in the statute as constituting unprofessional conduct. The Court stated: "Considering the entire policy expressed in the act, we believe the legislature, by enumerating certain acts and classifying them as unprofessional conduct, did not thereby intend to exclude all other acts or conduct in the practice of the healing arts which by common understanding render the holder of a license unfit to practice. It would indeed be difficult, not to say impractical, in carrying out the purpose of the act, for the legislature to list each and every specific act or course of conduct which might constitute such unprofessional conduct of a disqualifying nature. Nor does any such failure leave the statute subject to attack on grounds of vagueness or indefiniteness. Our statute makes no attempt to delineate what acts are included in the terms immoral or dishonorable conduct, which are also made grounds for revocation. The determination whether by common judgment certain conduct is disqualifying is left to the sound discretion of the board." It is, therefore, the opinion of the Attorney General that your question be answered as follows: The Board of Medical Examiners, pursuant to 59 O.S. 509 [59-509] (1975), can suspend or revoke the license of any physician or surgeon for incompetence or negligence. (DAVID K. McCURDY) (ksg)